UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
------------------------------------------------------X
Andrew Jackson,

           Plaintiff,

  -against-

Vision Financial Corp.,

           Defendant.
------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

JUDGE SEIBEL

14 CV 1073

Now comes Plaintiff Andrew Jackson (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Vision Financial Corp. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

1

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Arizona, Pima County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Vision Financial Corp ("Vision Financial") is a New York corporation conducting business from 4 West Red Oak Lane White Plains New York, 10604.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Beginning in or around April 2013, Defendant commenced collection activity against Plaintiff to recover an alleged debt (referred to hereinafter as the "Alleged Debt").

10. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11. In or around April, May, and June, 2013, Defendant placed several telephone calls to Plaintiff.

12. In said telephone calls, Plaintiff informed Defendant that he was not aware of the Alleged Debt, and requested that Defendant provide him with further information regarding the origin of the Alleged Debt.

13. Despite Plaintiff's oral request, Defendant failed to provide any information regarding the origin of the Alleged Debt.

14. On or about April 23, 2013, Plaintiff sent Defendant a Cease & Desist letter via certified mail.

15. On or about April 29, 2013, Defendant received Plaintiff's letter.

16. In or around May 2013, despite the Plaintiff's request that Defendant cease all contact, Defendant placed a telephone call to Plaintiff in an attempt to collect the Alleged Debt.

17. In said telephone conversation, Defendant threatened Plaintiff and stated that he will be served with legal papers.

18. Defendant further asserted that Plaintiff has a law suit pending against him.

19. Upon information and belief, to date, no law suit has been filed against Plaintiff.

20. Upon information and belief, to date, Plaintiff has not received any written communication from Defendant.

21. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692c(c)

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's conduct violated 15 U.S.C. §1692c(c) in that the Defendant contacted Plaintiff after receiving written notification from Plaintiff that Plaintiff wished Defendant to cease further communication with him regarding the Alleged Debt.

24. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein

26. Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representations in in connection with the collection of the Alleged Debt.

27.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

28.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.     Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit.

30.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692f)

31.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32.     Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in attempt to collect the Alleged Debt.

33.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g)

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's conduct violated 15 U.S.C. §1692g in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

36. Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

37. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrew Jackson demands judgment from the Defendant Vision Financial Corp. as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C. For a declaration that the Defendant's practices violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
December 10, 2013

Respectfully submitted,

By: _____
Fredrick Schulman, Esq.
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053